IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-538-GCM
3:98-cr-299-GCM-1

| | |
|---|---|
| THEODORE HOWZE, JR., ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

### I. BACKGROUND

On April 16, 2003, Petitioner was convicted of possession with intent to distribute cocaine and cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to 240-months imprisonment. (3:98-cr-299, Doc. No. 22: Judgment in a Criminal Case at 1-2).[1] Petitioner's conviction and sentence were upheld on appeal to the United States Court of Appeals for the Fourth Circuit. United States v. Howze, 178 F. App'x 328 (4th Cir. 2006) (unpublished).

On May 1, 2007, Petitioner filed a motion under 28 U.S.C. § 2255 contending, among other things, that he received ineffective assistance of counsel. This motion was denied and dismissed by Order entered on December 21, 2009. (3:07-cv-184, Doc. No. 15). This Order was

---

[1] An amended judgment was entered after the Court found that Petitioner's trial counsel failed to file a direct appeal. This judgment did not change Petitioner's conviction or sentence.

1

upheld following the Fourth Circuit's dismissal of Petitioner's appeal. United States v. Howze, Jr., No. 10-6287 (4th Cir. filed July 21, 2010).

On August 17, 2012, one-year from the date the Fourth Circuit filed its en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Petitioner filed his third motion seeking relief from his sentence under § 2255. Petitioner contends that he was erroneously sentenced as a career offender under USSG § 4B1.1 in light of the Simmons holding that in determining whether a defendant has been convicted of a felony, the sentencing court must examine the criminal history of the defendant before the sentencing court and not a hypothetical defendant. (3:12-cv-538, Doc. No. 3 at 1).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before he or she may file a second motion under Section 2255. The statute provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

> reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has offered no evidence that he has obtained the necessary authorization. Accordingly, this Court is without jurisdiction to consider the merits of the present motion. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure to obtain the necessary authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the merits of the second or successive petition "in the first place.").[2]

For the foregoing reasons, Petitioner's successive motion under Section 2255 must be dismissed.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[2] The Court observes, without entertaining the merits of Petitioner's Section 2255 motion, that he easily qualifies as a career offender based on the prior controlled substance convictions set forth in his presentence report ("PSR"). (3:98-cr-299, Doc. No. 46: PSR ¶¶ 30-31).

3

constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 6, 2012

Graham C. Mullen
United States District Judge